UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-60203-Civ-Cohn/Seltzer

THE PORTAL LIVE, LLC,

    Plaintiff,

v.

NICHOLAS CHOUKRON, d/b/a Eazic,
d/b/a Electronikko, a/k/a Nikkoid, an individual,

    Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR COURT-DIRECTED ALTERNATIVE SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Court-Directed Alternative Service of Process [DE 15].  The Court has carefully considered the motion and attached exhibits, as well as the failure of Defendant to respond to this motion.

    Plaintiff filed this action for trademark infringement and fraud in the inducement against Defendant Nicholas Choukron, an individual formerly residing in the United States [DE 1].  Plaintiff has attempted for months to try and serve Defendant.  Plaintiff's process server filed an affidavit of unexecuted service, stating that the new owner of the real property at which service was attempted told the process server that Defendant moved to Thailand and stopped forwarding his mail six months prior.  Return of Non-Service [DE 14].  Plaintiff has also discovered through publicly available internet material that Plaintiff currently resides in Thailand.  Exhibit A to Motion [DE 15-1].  Plaintiff has identified two email addresses used by Defendant – one in correspondence with Plaintiff about the trademark at issue in this case, and another in filing a trademark application with the United States Patent & Trademark Office.  Exhibit E to Complaint [DE 1-2]; Exhibit B to Motion [DE 15-1].

    Plaintiff now seeks the Court to authorize alternative service of the Complaint and Summons pursuant to Fed. R. Civ. P. 4(f)(3) in the form of electronic mail notice.  As this

Court has stated:

> The Rule's plain language therefore requires that service under Rule 4(f)(3) be (1) directed by the court; and (2) not prohibited by international agreement. "In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).

Chanel Inc. v. Zhixian, Case No. 10-CIV-60585-JIC, 2010 WL 1740695 (S.D. Fla. April 29, 2010). Plaintiff contends that Thailand is not a signatory of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and that there is no international agreement that prohibits service by electronic mail. Any alternative service, however, "must be reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 620 (S.D. Fla. 2011) (quoting Rio Props., Inc., 284 F.3d at 1016-17).

The Court concludes that service by electronic mail to both email addresses Defendant Choukron has recently used in connection with the trademark at issue in this case is reasonably calculated to apprise him of the pendency of this action. Defendant's relocation in Thailand at an unknown physical address, Plaintiff's attempts to serve him at a property he purportedly owns in Florida, and Defendant's recent use of those email addresses are sufficient to support this alternative service. The Court does add one condition to Plaintiff's request, which is that Plaintiff must also send notice of this lawsuit to Choukron's physical address in France by international mail or courier. This additional notice need not be successfully served for the service by electronic mail to be effective, nor is it intended to be the primary form of notice or service, but it merely adds another avenue for Defendant to obtain actual notice of this action.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Court-Directed Alternative Service of Process [DE 15] is hereby **GRANTED in part**, in that

service is authorized by electronic mail, but notice of the Complaint and summons must also be sent by international certified mail or courier to Plaintiff's address in France at 6 rue Jules Verne, 34140  MEZE, France.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 1st day of September, 2011.

_____
JAMES I. COHN
United States District Judge

cc:	Plaintiff's counsel as listed on CM/ECF
(Plaintiff's counsel shall forward the electronic notice of
this Order to Defendant at his email addresses)